```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
LOUIS VUITTON MALLETIER,
                                    05 Civ. 1325(LAK)(DFE)
              Plaintiff,
                                    REPORT AND RECOMMENDATION
     -against-                      TO JUDGE KAPLAN

WHENU.COM,INC., LUSHBAGS.COM, and
JOHN DOES 1-10,

              Defendants.
------------------------------------X
```

DOUGLAS F. EATON, United States Magistrate Judge.

    This is an uncontested inquest following a January 4, 2006 default judgment against defendant Lushbags.com. (Docket Item # 16.) Plaintiff seeks an injunction and damages for infringement of trademarks and copyrights of Louis Vuitton Malletier ("Louis Vuitton").

    On October 5, 2005, Judge Kaplan signed a stipulation and order dismissing defendant WhenU.com from the case with prejudice. (Docket Item # 15.) On January 4, 2006, Judge Kaplan (1) dismissed the John Doe defendants, and (2) referred the case to me to conduct an inquest into damages, and to write a Report and Recommendation as to the amount of damages to be awarded against defendant Lushbags.com.

    On January 18, 2006, I issued a Scheduling Order in this case, setting deadlines that had been requested by plaintiff's counsel on January 10. In a letter dated April 13, 2006, plaintiff's counsel asked me to adjourn those deadlines by one month. I granted his request on April 20, 2006. In a letter dated May 15, 2006, plaintiff's counsel asked me to adjourn the deadlines by one more month. I granted his request on May 16, 2006. In a letter dated June 13, 2006, plaintiff's counsel asked me for a "final three week adjournment of time to July 6, 2006." I granted his request on June 14, 2006. In a letter dated July 6, 2006, plaintiff's counsel asked me for "one further brief extension of one week until July 14, 2006" to submit plaintiff's inquest papers. In my July 6 memo endorsement of that letter, I wrote: "I grant this request, but I note that plaintiff has now gone three months past the date it requested on January 10."

    Plaintiff's counsel failed to file the inquest papers in a timely manner, and he failed to comply with an oral directive,

sent through my law clerk, that plaintiff was to file any application for attorneys' fees simultaneously with the filing of plaintiff's inquest memorandum.  After several calls from my chambers, he eventually served and filed plaintiff's Statement of Damages on August 7, 2006 (24 days late).  (Docket Item # 23.)

On August 8, 2006, I issued a Memorandum and Order that said, at ¶ 9:

> Back on July 24, 2006, my law clerk told plaintiff's counsel to serve and file his application for attorneys' fees simultaneously with his filing of plaintiff's inquest memorandum.  Plaintiff's counsel said he would do so; however, he did not do it on August 7.  Accordingly, I will recommend that Judge Kaplan award no attorneys' fees.

That Memorandum and Order directed Lushbags.com to send me any opposing memorandum by September 11, 2006.  On August 9, plaintiff's counsel served a request for attorneys' fees.  To date, I have not received any papers from Lushbags.com.

## BACKGROUND

Upon the entry of a default judgment, the Court accepts as true all of the facts alleged in the complaint, except those relating to the amount of damages.  *See Au Bon Pain Corp. v. Artect Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).  An inquest is then conducted to determine the amount of damages.  Accordingly, I accept the following allegations as fact.

Plaintiff is a famous French design firm that owns the trademarks for the high-end luggage, handbags and accessories it sells under the Louis Vuitton name.  It also owns the copyrights of photographs and advertisements for the same Louis Vuitton merchandise.  (Compl. ¶¶ 6, 12-20, 35.)  In 2002, fashion designer Marc Jacobs and Japanese artist Takashi Murakami introduced new signature designs based upon the trademarked Louis Vuitton toile monogram.  They created four basic collections of multi-colored patterns and styles of handbags and accessories: (1) the "Monogram Cherry Blossom," featuring the Louis Vuitton toile monogram with cherry blossoms; (2) the "Eye Love Monogram," featuring a colorful Louis Vuitton toile monogram with a Murakami eye symbol; (3) the "Monogram Multicolore," offering an avant-garde version of the Louis Vuitton toile monogram in thirty-three colors; and (4) the "Murakami Characters," featuring a collection of Murakami characters on the Louis Vuitton toile monogram pattern.

These four collections were launched on October 7, 2002, and became an instant success. They were featured in many fashion editorials, magazines, and the like, and many celebrities were reported as owning and using these "must-have" handbags. (Compl. ¶¶ 22-24, 27, 30-33.)

From January 2003 through July 2003, plaintiff spent nearly $3.5 million promoting and advertising these four collections. (Compl. ¶ 25, 28, 39.) Through plaintiff's stores and internet websites, and through its exclusive retailers, as of February 1, 2005, more than 71,000 Louis Vuitton handbags and accessories from these four collections were sold in the United States for more than $40 million. (Compl. ¶ 26, 36.)

Plaintiff operates several internet websites: [www.louisvuitton.com,](www.louisvuitton.com) [www.vuitton.com](www.vuitton.com) and [www.lvmh.com](www.lvmh.com) provide information about plaintiff' products, and www.eluxury.com is used to advertise and sell plaintiff's products. (Compl. ¶ 51.) From February 17, 2003 (the date the Murakami handbags were first displayed on the websites) until August 1, 2003, the total number of visitors to the [www.louisvuitton.com](www.louisvuitton.com) website alone exceeded five million. (Compl. ¶ 52.)

Defendant Lushbags.com manufactured and sold counterfeit Louis Vuitton handbags and wallets on its website www.Lushbags.com. (Compl. ¶¶ 70, 75-78.) Defendant WhenU.com sold a service that enabled advertisers, such as Lushbags.com, to place pop-up advertisements on third-party websites without the permission of, or payment to, the owners of those websites. (Compl. ¶¶ 53, 55-58, 71.) WhenU.Com's SaveNow software diverted internet users from the websites they intended to visit to the websites owned by WhenU.Com's advertisers. In the case at bar, the SaveNow software enabled Lushbags.com to place pop-up advertisements for discounted counterfeit Louis Vuitton bags on plaintiff's legitimate Louis Vuitton websites. At the time the Complaint was written, thirty million active personal desktop computers contained WhenU.Com's SaveNow software, and hundreds of thousands of Lushbags.com's pop-up advertisements had been delivered to the visitors of plaintiff's websites. (Compl. ¶¶ 54, 80.)

By placing Lushbags.com's pop-up advertisements on plaintiff's websites, the advertisements appeared to be "an integral and fully authorized part of the original underlying Louis Vuitton webpage." (Compl. ¶¶ 66-67, 71-72.) Moreover, the pop-ups appeared on the secure side of plaintiff's websites (i.e., where the consumers typed their confidential payment information), and they contained plaintiff's copyrighted pictures and descriptions of genuine Louis Vuitton products; Lushbags.com

had copied those pictures and descriptions from the plaintiff's websites.

Lushbags.com's own website did not contain pictures or descriptions of its own products.  (Compl. ¶¶ 60-64, 72-73, 81, 95-98.)  Rather, its website contained a disclaimer in its Return Policy that said, in part:

> *Products*
> All products are replicas unless otherwise specified.  Although our products are comparable in style and quality to the original name brands, we DO NOT represent them to be original, nor do we represent that they are exact copies.  Therefore, they do not violate any copyright laws.  We simply ask consumers to compare the price along with style and quality to the above-mentioned name brands. . . .  All pictures on Lushbags.com site are intended to give an idea of what our bags are like, however, these pictures are copyrights of Louis Vuitton and do not necessarily represent the style/design of our bags.
> \*   \*   \*
> *Affiliate(s)*
> Lushbags.com is in no way affiliated with any of the authentic manufacturers.  To purchase authentic products, visit their respective websites or authorized retailers.  If you are affiliated with or working for Louis Vuitton, either directly or indirectly, or any other related group, or were formally [sic] a worker you cannot enter this web site, cannot access any of its files and you cannot view any of the html files.  If you enter this site you are not agreeing to these terms and you are violating code 431.322.12 of the Internet Privacy Act signed by Bill Clinton in 1995 and that means that you cannot threaten our ISP or any person(s) or company storing these files, and cannot prosecute any person(s) affiliated with this page which includes family, friends or individuals who run or enter this web site.  You cannot enter this site if you are in any way related with the above companies.

(Compl. Exh. X.)  As a result of Lushbags.com's pop-up advertisements, plaintiff received numerous complaints from consumers who purchased inferior counterfeit Louis Vuitton bags from Lushbags.com.  (Compl. ¶¶ 68-69, 83.)

## DISCUSSION

Our Court has subject matter jurisdiction under the Lanham

Act.  *Ryan v. Volpone Stamp Co.*, 107 F.Supp.2d 369, 375-77 (S.D.N.Y. 2000) (Haight, J.).  It also has personal jurisdiction over Lushbags.com because, in connection with purchases made by plaintiff of Lushbags.com's goods, the shipping information indicates that the products were shipped from New York City, and at least one of the shipments was mailed by Lushbags.com to an address in Manhattan.  (7/13/06 Livadkin Decl. ¶ 16.)  *See Baron Philippe de Rothschild, S.A. v. Paramount Distillers, Inc.*, 923 F.Supp. 433, 436-37 (S.D.N.Y. 1996) (Stein, J.).

The Lanham Act provides that, at any time before final judgment is rendered, a trademark owner may elect to recover an award of statutory damages, rather than actual damages, for the use of a counterfeit mark in connection with goods or services.  15 U.S.C. § 1117(c).  Statutory damages may be awarded in the amount of:

> (1) not less than $500 or more than $100,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or
>
> (2) if the court finds that the use of the counterfeit mark was willful, not more than $1,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.

15 U.S.C. § 1117(c).  The statute "does not provide guidelines for courts to use in determining an appropriate award as it is only limited by what the court considers just." *Gucci America, Inc. v. Duty Free Apparel, Ltd.*, 315 F.Supp.2d 511, 520 (S.D.N.Y. 2004) (Marrero, J.), quoting *Louis Vuitton Malletier v. Veit,* 211 F.Supp.2d 567, 583 (E.D.Pa. 2002) and 15 U.S.C. § 1117(c).  Judge Marrero continued:

> However, courts have found some guidance in the caselaw of an analogous provision of the Copyright Act, 17 U.S.C. § 504(c), which also provides statutory damages for willful infringement. *See, e.g., Louis Vuitton,* 211 F.Supp.2d at 583; *Sara Lee Corp. v. Bags of N.Y., Inc.*, 36 F.Supp.2d 161, 166 (S.D.N.Y. 1999).  Under the Copyright Act, courts look to factors such as: (1) "the expenses saved and the profits reaped;" (2) "the revenues lost by the plaintiff;" (3) "the value of the copyright;" (4) "the deterrent effect on others besides the defendant;" (5) "whether the defendant's conduct was innocent or willful;" (6) "whether a defendant has cooperated in providing

>    particular records from which to assess the value of
>    the infringing material produced;" and (7) "the
>    potential for discouraging the defendant." *Fitzgerald
>    Pub. Co., Inc. v. Baylor Pub. Co.*, 807 F.2d 1110, 1117
>    (2d Cir. 1986).

*Gucci America*, 315 F.Supp.2d at 520.  Moreover, where "a defendant is shown to have acted wilfully, a statutory damages award should incorporate not only a compensatory, but also a punitive component to discourage further wrongdoing by the defendants and others." *Rolex Watch U.S.A., Inc. v. Jones*, 2002 WL 596354, at *5 (S.D.N.Y. Apr. 17, 2002) (Maas, M.J.), adopted without modification by Judge Cote on June 18, 2002.  When a defendant has defaulted, then by virtue of its default it is deemed to be a willful infringer.  *Rodgers v. Anderson*, 2005 WL 950021, at *3 (S.D.N.Y. Apr. 26, 2005) (Peck, M.J.); *Tiffany v. Luban*, 282 F.Supp.2d 123, 124-25 (S.D.N.Y. 2003) (Marrero, J.).

Lushbags.com has not provided any information with respect to its actual sales.  My law clerk's internet research shows that Lushbags.com's website no longer exists.  However, she was able to locate the following information about the company:

1.  An ask.com search for Lushbags.com automatically brought her to [www.pursesgaloreonline.com.](www.pursesgaloreonline.com.)  As of October 19, 2006, the website for pursesgaloreonline.com had 3,907 "hits."  (The term "hits" refers to the number of times that website had been visited.)  The pursesgaloreonline.com website offers numerous counterfeit Louis Vuitton products for sale.  Indeed, a search for "Louis Vuitton" within the website finds 56 matching documents.

The pursesgaloreonline.com website has a section titled "Return/Shipping Policy," which is almost identical to Lushbags.com's policy (see Compl. Exhs. X and AA).  The word [www.pursesgaloreonline.com](www.pursesgaloreonline.com) has been substituted for Lushbags.com in some places, but not all.  This strongly suggests that Lushbags.com is now operating as pursesgaloreonline.com.  In the subsection titled "Limitation of Liability," the pursesgaloreonline.com website says (with my emphasis in boldtype):

>    Limitation of Liability
>
>        www.pursesgaloreonline.com reserves the ultimate
>    right of amending the terms and conditions and other
>    rules relevant to the sales of merchandizes from time
>    to time without any prior notice.  **Lushbags.com** may
>    also correct any error or omission in any portion of

the website, or impose limits on certain features and services, or restrict your access to parts or all of the website without notice or liability.  Under no circumstances, including, but not limited to, negligence, shall **Lushbags.com** be liable for any special or consequential damages, losses that result from any authorized courier or mail representative.

2.   The website www.searchforecast.com lists the "Search Engine Top 50 Website Reach Analysis" for March 2005.  The top ranked organization was Victoria Secrets Catalogue, Inc., with a total website reach of 1,040,000,000 and a market share of 8.04%.  Lushbags.com was ranked at number 30, with a total website reach of 177,000,000 and a market share of 1.37%.

3.   The internet site of www.fashionmission.nl has an excerpt (which was apparently written by Lushbags.com), that describes Lushbags.com's history, products and policy.  As of November 25, 2004, that excerpt had 192 hits.

In the case at bar, plaintiff alleges that there were "eleven distinct instances of counterfeiting [by Lushbags.com] when considering the various registrations and types of infringing uses."  (Pl. Memo. pp. 52-53.)  Hence, plaintiffs ask for statutory damages in the amount of $11,000,000 ($1 million per mark infringed) because Lushbags.com:

> willfully copied the immensely valuable Louis Vuitton Trademarks while offering a large variety of at least thirty-nine different infringing products. . . , targeted and interfered with Louis Vuitton's websites with its infringing pop-up ads. . ., defrauded consumers who mistakenly believed they were getting genuine goods. . . , and has attempted to evade legal process through its default.

(Pl. Memo. p. 53.)  Plaintiff also seeks $100,000 in punitive damages under New York State law, plus costs and attorney's fees.  (Pl. Memo. pp. 53-54.)

Some cases have awarded the maximum amount of $1,000,000 per mark per type of merchandise. [1]  However, most cases either

---

[1]  See *Nike, Inc. v. Top Brand Co. Ltd.*, 2006 WL 2946472 (S.D.N.Y. Feb. 27, 2006) (Ellis, M.J.) (awarding $1,000,000 per infringed mark), adopted by Chief Judge Wood on October 6, 2006; *Gucci America, Inc. v. Duty Free Apparel, Ltd.*, 315 F.Supp.2d 511, n. 8 (S.D.N.Y. 2004) (Marrero, J.) (awarding $2,000,000 for two

(a) awarded the statutory maximum of $1,000,000 without multiplication or (b) issued per-mark awards well below the individual maximums. [2]

In a case similar to the one at hand, *Chanel, Inc. and Louis Vuitton Malletier v. Craddock*, 2006 WL 1128733, at * 1 (D.N.J. Apr. 27, 2006), the defendant received a cease-and-desist letter and then opened a new website in order to sell the same counterfeit items. Judge Ackerman granted the plaintiffs' request for statutory damages in the amount of $100,000 per counterfeit mark per type of merchandise. Accordingly, I recommend that Judge Kaplan award plaintiff statutory damages in the amount of $100,000 for each of the eleven marks infringed by Lushbags.com. I further recommend that he decline to award punitive damages; in my view, the award of $1,100,000 is sufficient to compensate plaintiff for its damages, and to serve as a deterrent to Lushbags.com and its principals and others. *See Fitzgerald Pub. Co. v. Baylor Pub. Co., Inc.*, 807 F.2d 1110, 1117 (2d Cir. 1986) ("Awards of statutory damages serve two purposes --compensatory and punitive.").

---

infringed marks under the Lanham Act and New York General Business Law § 349, but noting that "the maximum statutory damages was arguably higher than $2 million"); and *Phillip Morris USA, Inc. v. Marlboro Express*, 2005 WL 2076921, at * 6 (E.D.N.Y. Aug. 26, 2005) (Sifton, J.) (awarding $4,000,000 for four infringed marks, where it was estimated that the defendant's counterfeiting operation earned it $4,773,790 for at least 200,000 cartons of cigarettes).

[2]   See *Kenneth Jay Lane, Inc. v. Heavenly Apparel, Inc.*, 2006 WL 728407, at *6 (S.D.N.Y. Mar. 21, 2006) (Daniels, J.) (awarding statutory damages of $125,000 per infringed mark); *Rodgers v. Anderson*, 2005 WL 950021, at *4 (S.D.N.Y. Apr. 26, 2005) (Peck, M.J.) (Awarding $250,000 for one mark); *Tiffany v. Luban*, 282 F.Supp.2d at 125 (S.D.N.Y. 2003) (Marrero, J.) (awarding a total sum of $550,000 for 28 separate counterfeit items, each of which infringed at least four trademarks); *Louis Vuitton Malletier v. Veit,* 211 F.Supp.2d at 584-85 (E.D. Pa. 2002) (awarding a total of $1,000,000 for six Louis Vuitton marks); *Rolex Watch U.S.A., Inc. v. Brown*, 2002 WL 1226863, at *2 (S.D.N.Y. June 5, 2002) (Peck, M.J.) (awarding the $1,000,000 maximum statutory damage amount, without multiplication for multiple marks); *Rolex Watch U.S.A., Inc. v. Jones*, 2002 WL 596354, at *5 (S.D.N.Y. Apr. 17, 2002) (Maas, M.J.) (awarding $500,000 for nine Rolex marks and $100,000 for one Ralph Lauren mark).

Attorney's Fees and Costs

The Second Circuit has held that:

> The Lanham Act authorizes the award of attorney's fees to prevailing parties in "exceptional cases," 15 U.S.C. § 1117(a), which we have understood to mean instances of "fraud or bad faith," *Twin Peaks Productions v. Publications International, Ltd.*, 996 F.2d 1366, 1383 (2d Cir. 1993) (quoting *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1004 (9th Cir. 1985)), or "willful infringement," *Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 854 (2d Cir. 1995).

*Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, 317 F.3d 209, 221 (2d Cir. 2003). Attorney's fees may also be awarded under 15 U.S.C. § 1117(b). Although the statute is silent as to whether attorney's fees may be awarded under § 1117(c), several judges in our District have awarded attorney's fees under that provision. *See Rodgers v. Anderson*, 2005 WL 950021, at *4 (S.D.N.Y. Apr. 26, 2005) (Peck, M.J.) (citing cases).

In the case at bar, plaintiff made an out-of-time request for attorneys' fees and costs, in the amount of $19,345.62. I recommend that Judge Kaplan decline to award any attorneys' fees or costs. I find that the award of statutory damages of $100,000 per infringed mark "more than suffices in this case to make plaintiff [Louis Vuitton] whole," and it "serves as a sufficient deterrent to [Lushbags.com] and others." *Rodgers*, 2005 WL 950021, at *4. In *Gucci America, Inc.*, 315 F.Supp.2d at 522-23, Judge Marrero declined to award attorneys' fees under either the Lanham Act or the New York General Business Law § 349(h).

CONCLUSION

For the reasons set forth above, I recommend that Judge Kaplan award plaintiff Louis Vuitton Malletier $1,100,000 in damages against the defendant, Lushbags.com. I further recommend that he grant a permanent injunction against Lushbags.com, enjoining it from using any of plaintiff's trademarks or copyrights.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, any party may object to this recommendation within 10 business days after being served with a copy (i.e. by December 6, 2006) by filing written objections with

the Clerk of the U.S. District Court and mailing copies (a) to the opposing party, (b) to the Hon. Lewis A. Kaplan, U.S.D.J. at Room 1310, 500 Pearl Street, New York, NY 10007 and (c) to me at Room 1360, 500 Pearl Street. Failure to file objections within 10 business days will preclude appellate review. *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), and 6(e). Any request for an extension of time must be addressed to the District Judge.

                              */s/ Douglas F. Eaton*
                            DOUGLAS F. EATON
                            United States Magistrate Judge
                            500 Pearl Street, Room 1360
                            New York, New York 10007
                            Telephone: (212) 805-6175
                            Fax: (212) 805-6181

Dated:    New York, New York
           November 15, 2006

Copies of this Report and Recommendation (and of the information quoted at pages 6-7) were sent by mail on this date to:

Charles A. LeGrand, Esq.
Mintz Levin Cohn Ferris
  Glovsky & Popeo, PC
Chrysler Center, 666 Third Avenue
New York, NY 10017

Lushbags.com
c/o Network Solutions
P.O. Box 447
Herndon, VA 20172-0447

Hon. Lewis A. Kaplan

-10-

## Return Policy

### How do I return something to Purses Galore?

There is NO RETURN POLICY for ALL items except "return for exchange" due to the following reasons:

a) Product Defects

b) Delivery mistake

You MUST inform us within 3 business days after you have received the package (receive date is based on our carrier's tracking system) if the return is due to the above (a) and (b) reasons. All sales are FINAL and we DO NOT accept any returns.

Notice specific to documents available to this web site

Elements of www.pursesgaloreonline.com are protected by trade dress and other laws and may not be copied or imitated in whole or in part. No logo, graphic or image may be copied or retransmitted unless expressly permitted by us.

Changes are periodically added to the information on this site and its related companies may make improvements and/or changes in the product(s) service(s) and event(s) described herein at any time.

In no event shall we and/or our subsidiary company or outlet be liable or responsible for any incidental, special, indirect or consequential damages or any damages whatsover resulting from loss of use, data or profits, whether in an action of contract or negligence, arising out of or in connection with the use or performance of information available from www.njestore.com.

Products

www.pursesgaloreonline.com is in no way affiliated with, representing, associated, or sponsored by Louis Vuitton or any other mentioned name brands or their copyrighted products. We do not represent our products to be original (Unless otherwise noted), nor do we represent that they are exact copies, therefore they do not violate any copyright laws.

Louis Vuitton or any other mentioned name brands in this site are trademarks of their respective companies and the use of their names in this site is only for comparison purposes.

********** Disclaimer **********

1) All products on this website are intended for novelty purposes only.

2) All products are replicas and are *not* being represented as the originals.

3) We are in no way affiliated with any of the authentic manufactures. To purchase authentic products visit their respective websites or authorized retailers.

4) If you are affiliated with or working for Louis Vuitton or any other product on this site either directly or indirectly, or any other related group, or were formally a worker you cannot enter this web site, cannot access any of its files and you cannot view any of the html files. If you enter this site you are not agreeing to these terms and you are violating code 431.322.12 of the Internet Privacy Act signed by Bill Clinton in 1995 and that means that you cannot threaten our ISP(s) or any person(s) or company storing these files, and cannot prosecute any person(s) affiliated with this page which includes family, friends or individuals who run or enter this web site.

http://pursesgaloreonline.com/contentbuilder/layout.php3?contentPath=content/00/01/43/...   10/19/2006



5) By continuing to enter this site, you are expressly and impliedly agreeing to all terms as stated above.

### Modification to Service / Content

www.pursesgaloreonline.com reserves the right at any time and from time to time to modify or discontinue, temporarily or permanently, the Service / Content (or any part thereof) with or without notice. You agree that LeFranceVuitton.com shall not be liable to you or to any third party for any modification, suspension or discontinuance of the Service / Content.

### Affiliate(s)

www.pursesgaloreonline.com is in no way affiliated with any of the authentic manufacturers. To purchase authentic products, visit their respective websites or authorized retailers. If you are affiliated with or working for Louis Vuitton, either directly or indirectly, or any other related group, or were formally a worker you cannot enter this web site, cannot access any of its files and you cannot view any of the html files. If you enter this site you are not agreeing to these terms and you are violating code 431.322.12 of the Internet Privacy Act signed by Bill Clinton in 1995 and that means that you cannot threaten our ISP or any person(s) or company storing these files, and cannot prosecute any person(s) affiliated with this page which includes family, friends or individuals who run or enter this web site. You cannot enter this site if you are in any way related with the above companies.

### Limitation of Liability

www.pursesgaloreonline.com reserves the ultimate right of amending the terms and conditions and other rules relevant to the sales of merchandizes from time to time without any prior notice. Lushbags.com may also correct any error or omission in any portion of the website, or impose limits on certain features and services, or restrict your access to parts or all of the website without notice or liability. Under no circumstances, including, but not limited to, negligence, shall Lushbags.com be liable for any special or consequential damages, losses that result from any authorized courier or mail representative.

### Responsibility

While www.pursesgaloreonline.com takes reasonable care to ensure that this website is kept up to date, we make no warranty or representation that such material is accurate or reliable, or that this website will always be available, or that any problems will be corrected.

*When returning items:*

*1. All returned items must be in the original packaging.*

*2. Any items returned for reasons other than defects must be unused and in the original packaging.*

*3. We will not give a credit or refund for used merchandise.*

*4. If you have received a defective item from us, return the item and a copy of your invoice. Please inform us which you prefer: a replacement item or a refund for the defective merchandise.*

### For orders that are damaged in shipping:

Please notify us immediately so we can take the proper steps to replace the damaged merchandise.

If you have questions about a return, please email us at pursesgalore4@yahoo.com



The technicians in our Court's computer department prepared this easier-to-read format from the following website:

http://www.searchforecast.com/search_engine_optimization_shopping/website_reach_analysis_report_shopping_clothing.htm#help

### Search Engine Top 50 Website Reach Analysis > Shopping/Clothing > March, 2005

| 1. Rank | Organization | Website | Total Website Reach | Market Share |
|---|---|---|---|---|
| 1 | V. Secret Catalogue, Inc. | victoriassecret.com | 1,040,000,000 | 8.04% |
| 2 | Gap (Apparel) Llc | gap.com | 799,000,000 | 6.17% |
| 3 | Old Navy (Apparel) Llc | oldnavy.com | 669,000,000 | 5.17% |
| 4 | Zappos.com Inc. | zappos.com | 635,000,000 | 4.91% |
| 5 | Foot Locker, Inc., Dennis Sheehan | eastbay.com | 588,500,000 | 4.55% |
| 6 | Adidas-Salomon AG | adidas.com | 497,000,000 | 3.84% |
| 7 | A & F Trademark, Inc. | abercrombie.com | 466,500,000 | 3.60% |
| 8 | Banana Republic (Apparel) Llc | bananarepublic.com | 399,500,000 | 3.09% |
| 9 | American Eagle Outfitters | ae.com | 388,000,000 | 3.00% |
| 10 | J. Crew International, Inc., Domain Administrator | jcrew.com | 331,500,000 | 2.56% |

| | | | | |
|---|---|---|---|---|
| 11 | L. L. Bean, Inc | llbean.com | 321,500,000 | 2.48% |
| 12 | Foot Locker, Inc., Dennis Sheehan | footlocker.com | 305,000,000 | 2.36% |
| 13 | Coach | coach.com | 299,000,000 | 2.31% |
| 14 | Lands End Direct Merchants, Inc. | landsend.com | 295,500,000 | 2.28% |
| 15 | Finish Line, Inc. | finishline.com | 275,000,000 | 2.12% |
| 16 | Bluefly, Inc. | bluefly.com | 255,500,000 | 1.97% |
| 17 | Eddie Bauer, Internet Support Manager Internet Support Manager | eddiebauer.com | 236,000,000 | 1.82% |
| 18 | Sierra Trading Post | sierratradingpost.com | 231,500,000 | 1.79% |
| 19 | U.O.D., Inc. | urbanoutfitters.com | 227,000,000 | 1.75% |
| 20 | Shoebuy.com | shoebuy.com | 225,500,000 | 1.74% |
| 21 | Newport News Holdings Corp | newport-news.com | 225,000,000 | 1.74% |
| 22 | Hot Topic | hottopic.com | 217,000,000 | 1.68% |
| 23 | Prl Usa Holdings, Inc. | polo.com | 213,000,000 | 1.65% |

| | | | | |
|---|---|---|---|---|
| 24 | May Department Stores Comapny, Kent Eckert | davidsbridal.com | 204,500,000 | 1.58% |
| 25 | Wicked Weasel Pty Ltd | wickedweasel.com | 204,500,000 | 1.58% |
| 26 | Frederick's of Hollywood | fredericks.com | 197,000,000 | 1.52% |
| 27 | GDN Ltd | figleaves.com | 192,000,000 | 1.48% |
| 28 | Shoes.com, Inc | shoes.com | 180,500,000 | 1.39% |
| 29 | Pacific Sunwear.com Corp. | pacsun.com | 178,000,000 | 1.38% |
| 30 | lushbags.com | lushbags.com | 177,000,000 | 1.37% |
| 31 | DELiA*S Corp. | delias.com | 173,500,000 | 1.34% |
| 32 | Bcbc Stores, Inc. | bcbe.com | 171,500,000 | 1.33% |
| 33 | Redcats USA, Dammann, Peter Dammann | chadwicks.com | 165,500,000 | 1.28% |
| 34 | H & M Hennes & Mauritz AB | hm.com | 148,000,000 | 1.14% |
| 35 | Coldwater Creek | coldwatercreek.com | 145,000,000 | 1.12% |
| 36 | T-Shirt Hell, Inc. | tshirthell.com | 144,500,000 | 1.12% |

| | | | | |
|---|---|---|---|---|
| 37 | Guess? IP Holder L.P., Theresa McManus | guess.com | 138,500,000 | 1.07% |
| 38 | Gymboree Corp. | gymboree.com | 136,500,000 | 1.05% |
| 39 | Phat Fashions Llc | babyphat.com | 122,000,000 | 0.94% |
| 40 | Payless ShoeSource, Rett Walters | payless.com | 121,500,000 | 0.94% |
| 41 | DrJays.com | drjays.com | 120,000,000 | 0.93% |
| 42 | A & F Trademark, Inc. | abercrombiekids.com | 106,500,000 | 0.82% |
| 43 | Annco, Inc., Annco Inc | anntaylor.com | 105,500,000 | 0.82% |
| 44 | PickYourShoes. Com | pickyourshoes.com | 102,500,000 | 0.79% |
| 45 | BareWeb, Inc. | barenecessities.com | 101,500,000 | 0.78% |
| 46 | TJ Maxx | tjmaxx.com | 99,000,000 | 0.76% |
| 47 | The Talbots, Inc | talbots.com | 97,500,000 | 0.75% |
| 48 | EStyle, Inc., Laurie McCartney | babystyle.com | 94,500,000 | 0.73% |
| 49 | Nine West | ninewest.com | 90,000,000 | 0.70% |

| 50 | Hatworld, Inc. | lids.com | 85,500,000 | 0.66% |

**Total Website Reach:** 12,943,000,000   100%

**Average Website Reach:** 258,860,000

How to Read the Audience Reach Table?
SearchForecast expresses the Audience Reach as number of users per million and refers to the average daily reach over the specific month, averaged over the specified time period. The average Audience Reach can be used to analyse whether a website is below or above the industry average of Audience Reach.

# FASHIONMISSION.NL®

Search the Fashionmiss

**Ralph Lauren Runway Shows**
Last Chance Sale - Up to 65% off. Shop the Official Polo.com Site
www.Polo.com

**Tall Women's Fashions**
Fall '06 styles 36" and 39" inseams Tall Jeans, Pants, Suits and more
TallWomensClothes.com

**Predict**
Will NL go think.
www.Prec

Ads by Google

HOME | ONLINE SHOP | NEW LINKS | MOST VISIT | NEWS LINKS | ADD YOUR SITE | ADVE

Ads by Google



Home > Online Shopping > Fashion Accessories > Handbags > Lush Bags

CLICK TO VISI

## Who's your Soul Mate?

Predict exactly, down to the name, who your Love Soul Mate is. Try it!

www.LoveSoulMate.us

Advertise on this site

**Lush Bags**
Lush Bags - Lushbags.com was established in early 2002 as a specialist online competitively priced wallets and handbag products to the USA and beyond. Sir continued to expand our range and service the growing needs of our customer: independently owned and operated company.

There is NO limit to the number of products you may order. We offer a vast sele Handbags, Evening Bags, Wallets, Small Leathergoods and much more. In ma the same, exact products you would find at a retail store. We also carry exclusi find anywhere else, such as exclusive gifts, special edition created specifically exclusive sets and bundles, and hard-to-find products.
**Added on:** 25-11-2004 **Hits:** 192

